## THE STATE *vs.* RICHARD K. CALL.

IN a criminal case, a certificate of the Judge who presided at the trial, which neither states nor intimates a doubt upon any legal question, but merely expresses a desire to have the cause heard before the Court of Appeals, is not sufficient, under the statute, to give this Court jurisdiction.

THE defendant was indicted at the Spring Term, 1844, of the late Superior Court of the Territory of Florida for Wakulla county, for unlawfully erecting in the river St. Marks, a navigable water-course, a certain pier and obstruction, composed of wood and rock, and permitting the same to continue there ; whereby the navigation and free passage of the said river, it was alledged, was greatly obstructed and straightened.

At the trial, a bill of exceptions was prepared and tendered by the counsel for defendant, which was signed and sealed by the presiding Judge; he attaching thereto the following certificate :

" The Court being desirous that the same might be heard before the Court of Appeals of this Territory, has signed and sealed this bill of exceptions."

The defendant, by his counsel, at the same term, filed his motion for a new trial.

At the Fall Term, 1845, of the Circuit Court, the motion for a new trial being renewed, the then presiding Judge made a full statement of the facts and evidence, and transmitted it to this Court, with the following certificate :

" The motion to set aside the verdict, and for a new trial, was renewed before me during the late Circuit; and concurring in the wish of my predecessor, that this case might be heard in an appellate Court ; and " entertaining doubts upon the legal questions" arising in it, I have made this statement, and transmit the same to the Supreme Court, for its consideration and decision.

" AT CHAMBERS, Tallahassee, Dec. 26th, 1845."

*Attorney General,* for the State.

*Long & Walker,* for the defendant.

HAWKINS, Justice :

This case comes before the Court on bill of exceptions, signed by Samuel J. Douglas, late Judge of the Superior Court of the Ter-

The State *vs.* Call.

ritory, stating the instructions he had given to the jury on the trial before him, and concluding as follows, " to which instructions given by the Court, the defendant's counsel excepted, and the Court *being desirous that the same might be heard* before the Court of Appeals of this Territory, has signed and sealed this bill of exceptions."

The first question presented by the record for the consideration of the Court is, have they jurisdiction of the case.

The act of the Territorial Legislature passed in 1833, gave the benefit of an appeal or writ of error to the Court of Appeals of the Territory, from all final judgments and sentences of the Courts of the Territory. Acts 1833, page 113.

This law was expressly repealed by an act passed in 1841, declaring, that from and after the passage of this act, *no appeal or writ of error, or bill of exceptions* to evidence, should be entertained or allowed, or granted to a defendant, or defendants, in criminal prosecutions in any of the Courts of this Territory; but if in the trial of any criminal prosecution, the Judge before whom the same is tried, *shall entertain a doubt upon any legal question* arising in the case, then and in that case, the said Judge may continue the same, and shall as soon as convenient make a statement in writing of the question of law, and carry up or transmit the same to the Court of Appeals for its consideration and decision. Act 1841, page —.

The design of the Legislature is too clearly expressed in the act, to occasion a doubt as to their intention.

The certificate of the Judge neither states nor intimates a doubt, but expresses merely a desire to have the cause tried before the Court of Appeals. If the Legislature designed an appeal in such a case, they have not so declared it.

A question of this kind arose before the Court of Appeals of the State of Mississippi, in which the following view was taken : " It is a general rule, that the Appellate Court can act only on the record from the Inferior Court, which must contain a case sufficiently certain in its character to enable this Court to act upon it. Admitting that the powers of this Court are co-extensive with those possessed by the former Supreme Court, the *doubts* of the Judge below, if any existed, being all that could give jurisdiction, are not properly certified to this Court. It should clearly appear by the record, that the Judge entertained *doubts* as to the rule of decision, and for this reason, that he had adjourned the question on which he *doubted,* to this

The State *vs.* Call.

Court for its decision." Caraway *vs.* Board, Police, Yazoo County, 1 Howard, 22.

The case ought rightly to have been presented to the Court of Appeals of the Territory at its last session, and the Judge of the Circuit Court finding it in the Court below, with the certificate of the Judge, did rightly in having the papers transmitted to this Court for its action. The Court having no jurisdiction of it, will have it remanded to the Circuit Court of the County, where it was tried.

It is therefore considered by the Court, that this case be dismissed from the docket, and the papers be remitted to the Circuit Court for the County of Wakulla, for further proceedings to be had therein, agreeably to law.